**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

No. 00-3599

|                                           |   |                          |
|-------------------------------------------|---|--------------------------|
|                                           | * |                          |
| PAUL ARI CHARLES JOSEPH DUMONT;           | * | Appeal from the United   |
| YOLANDA JANE CAMPBELL; JACQUELINE         | * | States District Court    |
| THERESA MARIE DIZY; BRENDA LYNNE          | * | for the District         |
| WALTERS; MICHELLE SHARON GOEBEL;          | * | of North Dakota          |
| DAVID GEORGE SMITH; SUSAN MYVOLL,         | * |                          |
|                                           | * |                          |
| Plaintiffs - Appellants,                  | * |                          |
|                                           | * |                          |
| versus                                    | * |                          |
|                                           | * | [PUBLISHED]              |
|                                           | * |                          |
| SASKATCHEWAN GOVERNMENT INSURANCE         | * |                          |
| (SGI),                                    | * |                          |
|                                           | * |                          |
| Defendant - Appellee.                     | * |                          |
|                                           | * |                          |

Submitted: June 11, 2001
Filed: July 31, 2001

Before WOLLMAN, Chief Judge, HAMILTON[1] and MURPHY, Circuit Judges.

HAMILTON, Circuit Judge:

The present civil action involves an insurance coverage dispute between Saskatchewan Government Insurance (SGI), a Canadian Crown corporation, and the seven surviving adult children (the

---

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Dumont/Smith Families)[2] of three Canadian citizens killed in a fiery automobile accident in North Dakota caused by a head-on collision with a grossly intoxicated driver. The Dumont/Smith Families initiated the action.

Based upon mandatory arbitration clauses contained in the two identical insurance policies at issue, the district court[3] ordered the parties to arbitrate their dispute in the Province of Saskatchewan, Canada. The parties proceeded to arbitration as ordered by the district court, with the Dumont/Smith Families preserving their objection to the ordered arbitration. The Canadian arbitration panel issued a decision in favor of SGI, which the Queen's Bench of Regina, Saskatchewan, Canada approved by entry of a Canadian judgment in favor of SGI. Upon motion by SGI, the district court dismissed the present action based upon the doctrine of res judicata. The Dumont/Smith Families noted a timely appeal. We affirm.

I.

### A. The Accident.

On August 6, 1994, a vehicle driven by North Dakota resident Lisa Ward crossed the centerline of Highway 1804 in Williams County, North Dakota, at a high rate of speed, and collided head-on with a Canadian vehicle occupied by Canadian citizens Ernest Smith, his wife Helen Smith, and Mary Dumont. Upon impact, the Canadian vehicle burst into flames that consumed the vehicle and the three Canadian citizens. Both Lisa Ward and the single passenger in her vehicle also lost their lives in the accident. At the time of the accident, Lisa Ward did not have automobile liability insurance, did not have a driver's license, and was grossly intoxicated.

### B. The Policies.

---

[2]The seven surviving adult children are Paul Ari Charles Joseph Dumont, Yolanda Jane Campbell, Jacqueline Theresa Marie Dizy, Brenda Lynne Walters, Michelle Sharon Goebel, David George Smith, and Susan Nyvoll.

[3]The Honorable Patrick A. Conmy, District Judge, United States District Court for the District of North Dakota.

Ernest and Helen Smith were named insureds under an automobile liability insurance policy issued by SGI.[4] Mary Dumont was the named insured under an identical automobile liability insurance policy also issued by SGI. For the remainder of this opinion, we will refer collectively to these identical insurance policies as "the Policies."

Each of the Policies provided one million Canadian dollars in automobile liability coverage and one million Canadian dollars in family security coverage. The Policies also provided that the named insured had coverage while his or her vehicle was in Canada or the United States. With respect to extra-territorial coverage and under the part of the Policies entitled "Liability," the Policies provided as follows:

> We recognize that laws and other rules differ from place to place. Because of this we will raise your amount of coverage to meet the minimum coverage required by local law in the place where the accident took place. And if necessary we will change your coverage to meet local law in the place where the accident took place.

(J.A. 137).

### 1.    Uninsured Motorist Coverage.

Under the parts of the Policies entitled "Injury Payments," the Policies provided uninsured motorist coverage (the Uninsured Motorist Coverage portions of the Policies). In this regard, the Policies specified that if the insured was injured or died in an accident caused by an uninsured motorist in a place without a plan that deals with injury or death caused by an uninsured motorist, the insured "may collect from [SGI]." (J.A. 132). The very next sentence states: "We will act as if we covered the other motor vehicle." Id.

---

[4]As a Canadian Crown corporation, SGI is a quasi-governmental corporation that was created and authorized by provincial governmental act. SGI has its central offices in the City of Regina, Province of Saskatchewan, Canada.

- 3 -

The Policies required arbitration of disputes between the insured and SGI regarding whether the insured is entitled to payment of any amount under the Uninsured Motorist Coverage portions of the Policies, and if so, the amount of such payment. The Policies required that the "provisions of The Arbitration Act (Saskatchewan) shall apply to the arbitration," but did not specify the substantive law that should apply. (J.A. 133).

## 2. Family Security Coverage.

Under the parts of the Policies entitled "Family Security," the Policies provided family security coverage (the Family Security Coverage portions of the Policies). Under the Policies, family security coverage allows "anyone who, under Saskatchewan law, would have the right to bring an action against the [Uninsured] Motorist, if the accident had happened in Saskatchewan, for damages because of" the insured's bodily injury or death, to recover an amount (not to exceed one million Canadian dollars) equal to the uninsured motorist's liability in such an action. (J.A. 139). The Policies specified the procedure a claimant under the Family Security Coverage Portions of the Policies must follow when the accident, caused by an uninsured motorist, occurred outside Saskatchewan, Canada. First, the claimant "shall bring an action to judgment against the alleged" uninsured motorist. (J.A. 141). The judgment will bind SGI with respect to the issue of the uninsured motorist's liability, but not with respect to the amount of damages the claimant is found legally entitled to recover from the alleged uninsured motorist. If the claimant and SGI cannot agree upon whether any amount is due under the Family Security Coverage portions of the Policies or what the amount of any such payment should be, the Policies provide that "either or both of these issues shall be determined by arbitration," with "[t]he question of an appropriate dollar amount of compensation" to be determined under the law of Saskatchewan and matters of procedure to be governed by "[t]he Arbitration Act (Saskatchewan)." Id. Notably, the Fatal Accidents Act of Saskatchewan, R.S.S. 1978, c. F-11, limits the recovery of damages of adult children in parental wrongful death actions to pecuniary losses.

- 4 -

**C.    The North Dakota State Court Wrongful Death Action.**

Approximately one year after the accident, pursuant to North Dakota Century Code § 32-21-01, the Dumont/Smith Families brought a wrongful death action, in North Dakota state court, against the estate of Lisa Ward.  The action sought compensation for economic losses (e.g., burial costs), as well as compensation for pain and suffering and loss of society, counsel, and companionship.  See N.D. Cent. Code § 32-03.2-04 (providing compensation for economic damages such as burial costs, and compensation for non-economic losses such as loss of society and companionship in wrongful death action).

Following a two-day bench trial, the North Dakota state court found Lisa Ward was the sole proximate cause of the deaths of Ernest Smith, Helen Smith, and Mary Dumont.  The North Dakota state court thereafter entered judgment in favor of the Dumont/Smith Families totaling 2,075,000 in United States dollars plus 75,091 in Canadian dollars.

Although the Dumont/Smith Families repeatedly requested that SGI participate in the state court action, SGI refused.  Instead, SGI informed the Dumont/Smith Families that it waived the Policies' respective requirements that the family members obtain a judgment against the estate of Lisa Ward before filing a claim for payment under the Family Security Coverage portions of the Policies. However, SGI insisted that the amounts payable the Dumont/Smith Families under the Policies be determined by arbitration in Canada, under the law of Saskatchewan, as specifically required by the Policies.

**D.    The Present Federal Court Action Prior to Arbitration.**

On June 19, 1996, the Dumont/Smith Families filed the present action against SGI in state court, in Williams County, North Dakota.[5]   The complaint sought compensatory damages under the

---

[5]Two days earlier, on June 17, 1996, the special administrator for the estate of Lisa Ward, assigned the Dumont/Smith Families all rights, causes of action, and claims that the Estate of Lisa Ward may have against SGI.

Policies sufficient to satisfy the judgment against the estate of Lisa Ward. The complaint also sought punitive damages to sanction SGI for its alleged bad faith in refusing to settle.

SGI subsequently removed the action to the United States District Court for the District of North Dakota on the basis of diversity jurisdiction. The district court accepted removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[6] Prior to SGI answering the complaint, the Dumont/Smith Families filed a motion for partial summary judgment to determine SGI's liability to be bound by the judgment entered in the state wrongful death action. SGI filed its answer and moved to dismiss the complaint for lack of personal jurisdiction and on the basis of <u>forum non conveniens</u>.

On April 3, 1996, the district court: (1) denied SGI's motion to dismiss for lack of personal jurisdiction; (2) denied the Dumont/Smith Families' motion for partial summary judgment; (3) ordered the parties to participate in binding arbitration in accordance with the terms of the Policies; (4) denied, as moot, SGI's motion to dismiss on the basis of <u>forum non conveniens</u>; and (5) stayed all further proceedings in the matter pending completion of arbitration. The Dumont/Smith Families filed a motion for

---

[6]All parties and the district court proceeded below upon the belief that diversity jurisdiction, pursuant to 28 U.S.C. § 1332, exists in this case. Diversity jurisdiction does not exist in this case because all members of the Dumont/Smith Families are Canadian citizens and SGI is a corporation created by a political subdivision of Canada. 28 U.S.C. § 1332(a). However, subject matter jurisdiction in this action exists pursuant to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1300. <u>See generally In Re Tamimi</u>, 176 F.3d 274, 278 (4th Cir. 1999) (discussing general operation of FSIA). This is so because SGI is a corporation created by a political subdivision of Canada that, in writing the Policies, acted outside the territory of the United States in connection with a commercial activity of SGI that caused a direct effect in the United States. 28 U.S.C. §§ 1603, 1605(a)(2). The direct effect being the provision of automobile liability and family security insurance coverage to Ernest Smith, Helen Smith, and Mary Dumont while they traveled by automobile in the United States.

reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), which the district court denied. The district court also denied a motion by the Dumont/Smith Families requesting the district court: (1) to order SGI to submit to arbitration under the supervision, authority, and jurisdiction of the district court and the United States Federal Arbitration Act; and (2) to order the arbitration to proceed under North Dakota procedural law.

## E.  Arbitration in Regina, Saskatchewan, Canada.

The parties proceeded to arbitration before a three-member arbitration panel in Regina, Saskatchewan, Canada. Although the Dumont/Smith Families participated in the arbitration proceedings, they did so under protest. Before the arbitration panel, the Dumont/Smith Families sought to recover two million Canadian dollars under the Uninsured Motorist and Family Security Coverage portions of the Policies.

A two-person majority of the arbitration panel ruled that the procedural and substantive law of Saskatchewan, Canada, applied to resolve the parties' disputes. Applying that law, the same majority concluded that its jurisdiction derived only from the arbitration requirement in the Family Security Coverage portions of the Policies. Thus, the arbitration panel only directly considered whether any amount was payable under the Family Security Coverage portions of the Policies, and if so, in what amount.

The arbitration panel concluded that each member of the Dumont/Smith Families is a proper claimant under the Family Security Coverage portions of the Policies because each would have status to bring an action under the Fatal Accidents Act of Saskatchewan, R.S.S. 1978, c. F-11. With respect to the amount of payments due the Dumont/Smith Families, the arbitration panel stated:

> The claimants concede that SGI paid $17,250.00 Canadian in total pursuant to Part II of the [Policies] and that $100,000.00 U.S. was recovered from the insurer of the barkeeper who served the uninsured motorist Lisa Ward. In total the claimants say they have not incurred a

- 7 -

> pecuniary loss in excess of these two sums and therefore, while leave is given to the claimants to continue this arbitration on the issue of damages if they now have evidence to the contrary, the panel has no present expectations of this arbitration being reconvened.

(J.A. 503). The arbitration panel's decision as to the amount of damages is premised on the fact that under the law of Saskatchewan, a wrongful death award of non-economic loss to adult family members is not a recognized remedy. Fatal Accidents Act of Saskatchewan, R.S.S. 1978, c. F-11. The Queen's Bench approved the arbitration award by entry of a Canadian judgment. <u>Saskatchewan Government Insurance (Applicant) v. Dumont, et. al. (Respondents)</u>, 1999 SKQB 120, Q.B. 2358 of A.D. 1997 (October 7, 1999).

### F. Proceedings In The Present Federal Court Action Following Arbitration.

Following entry of the Canadian judgment, SGI moved to dismiss the present action with prejudice on principles of <u>res judicata</u>. The Dumont/Smith Families opposed the motion on the ground, <u>inter alia</u>, that SGI waived its right to compel arbitration by filing a motion to dismiss their complaint as its first action in the case rather than immediately moving to compel arbitration.

On September 26, 2000, the district court granted SGI's motion and dismissed the present federal action with prejudice. The Dumont/Smith Families noted a timely appeal to this court. On appeal, the Dumont/Smith Families offer several arguments challenging the district court's order requiring them to arbitrate the merits of this case in accordance with the terms of the Policies; which order ultimately led to the dismissal of their complaint based upon the doctrine of <u>res judicata</u>. Notably, the Dumont/Smith Families do not directly challenge the district court's application of the doctrine of <u>res judicata</u> after it determined that the judgment of the Queen's Bench approving the decision of the arbitration panel was valid.

### II.

As previously stated, the Dumont/Smith Families offer several arguments challenging the district court's order requiring them to

arbitrate the merits of this case in Saskatchewan, Canada.  Each is
without merit.

## A.

The Dumont/Smith Families argue that the district court, as a
federal district court sitting in diversity, was required to apply
the conflict of laws rules of North Dakota.  Nesladek v. Ford Motor
Co., 46 F.3d 734, 736 (8th Cir. 1995) ("Federal courts sitting in
diversity apply the forum state's conflict of laws rules.").
According to the Dumont/Smith Families, had the district court
properly applied the conflict of laws rules of North Dakota, it
would have applied the procedural rules of North Dakota, American
Standard Life and Accident Ins. Co. v. Speros, 494 N.W.2d 599, 602
(N.D. 1993) ("Matters of procedure and remedial rights are governed
by the law of the forum where relief is sought."), and held that,
under Hughes v. State Farm Mut. Auto. Ins. Co., 604 F.2d 573 (8th
Cir. 1979), SGI is bound by the judgment entered against the estate
of Lisa Ward in the state wrongful death action as to the amounts
SGI must pay them under the Policies.[7]

The district court properly rejected this line of argument.
As we have previously stated, subject matter jurisdiction in this
case is not based upon diversity jurisdiction, 28 U.S.C. § 1332,
but upon the FSIA.  In a FSIA case, "there is no clear
understanding as to whether the forum state's choice-of-law rules
should apply or whether federal common law should govern . . . ."
14A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper,
Federal Practice and Procedure § 3662, p. 231 (3d ed. 1998).  Thus,
the law is not clear whether North Dakota's conflict of laws rules
should apply at all.

Nevertheless, assuming arguendo that North Dakota's conflict
of laws rules apply to make the holding in Hughes available for

_____

[7]We note that SGI does not dispute that Lisa Ward is the sole
proximate cause of the August 6, 1994 accident.  Thus, this appeal
does not present the issue of whether SGI is bound by the liability
portion (as opposed to the damages portion) of the judgment entered
against the estate of Lisa Ward in the North Dakota state wrongful
death action.

application in the present FSIA action, the holding in Hughes is, in fact, not applicable. In Hughes, we held that a North Dakota judgment against an uninsured motorist as to liability and damages was enforceable against the insurer where the insurer was given timely notice of the insured's suit against the uninsured motorist and an opportunity to intervene and defend, but voluntarily chose not to do so. Id. at 575-76. The Hughes case is materially distinguishable from the present FSIA action because the insurance policy at issue in Hughes did not, as here, require arbitration of the very issues that were the subject of the allegedly binding judgment. Requiring SGI to be bound by the North Dakota state court judgment with respect to the amounts it must pay the Dumont/Smith Families under the Policies would render the arbitration provisions of the Policies, which provisions SGI cited at the time as the reason it would not participate in the state court action, a nullity. The Dumont/Smith Families cite us no rationale or authority in support of such an illogical result. In sum, we hold the district court did not err in refusing to hold that SGI is bound by the judgment entered against the estate of Lisa Ward as to the amounts SGI must pay the Dumont/Smith Families under the Policies.

B.

The Dumont/Smith Families next argue that SGI waived its right to enforce the arbitration provisions of the Policies, and therefore, the district court erred by requiring them to arbitrate their claims against SGI in accordance with the terms of the Policies.

We address this argument against the backdrop that, "[i]n light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." Ritzel Communications v. Mid-American Cellular, 989 F.2d 966, 968-69 (8th Cir. 1993). We will find waiver of arbitrability where the party claiming the right to arbitrate: (1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions. Id. at 969. The issue of

waiver of arbitration is one of law and subject to <u>de novo</u> review. <u>Ackerberg v. Johnson</u>, 892 F.2d 1328, 1332 (8th Cir. 1989).

Here, SGI does not dispute that it knew of its right to compel the Dumont/Smith Families to arbitrate their claims against it. Indeed, the record establishes that SGI refused to intervene in the North Dakota state wrongful death action, acknowledging that it would be bound as to a liability determination, but asserting that the issue of the amounts payable to the Dumont/Smith Families should be determined by arbitration as provided in the Policies. Thus, the first element of the waiver test is met.

The second element of the waiver test asks whether SGI acted inconsistent with its right to arbitrate. The district court held that it did not, and we agree. SGI took no action with respect to the merits of the case prior to the district court ordering arbitration. Rather, SGI sought early dismissal of the case on jurisdictional and quasi-jurisdictional grounds. Finally, and significantly, SGI specifically stated in its brief in support of its motion to dismiss that the Policies require arbitration of the issues sought to be litigated, that SGI has repeatedly offered to engage in arbitration while the Dumont/Smith Families have refused, and that "SGI would seek to compel this method of resolution." (J.A. 165). We cannot equate SGI's seeking an early dismissal of this case solely on other than merits-based grounds, coupled with its concomitant express warning that it would seek to compel arbitration, as acts inconsistent with a known right to compel arbitration.

In support of their position, the Dumont/Smith Families rely on <u>Ritzel Communications v. Mid-American Cellular</u>, 989 F.2d 966 (8th Cir. 1993). Their reliance is misplaced. In <u>Ritzel</u>, we described a group of defendant-investors' actions in filing a motion to dismiss for failure to join necessary parties, improperly naming the group as a party, and failing to state a claim on the merits with respect to one of the counts in the complaint as "a substantial, active invocation of the litigation process." <u>Id.</u> at 969. We recognized that such active invocation of the litigation

process was inconsistent with the group's then existing contractual rights to compel arbitration of the claims against them.  <u>Id.</u>

In contrast to <u>Ritzel</u>, SGI did not seek to litigate the merits of any of the claims of the Dumont/Smith Families prior to arbitration, and SGI specifically warned at the time it filed its dismissal motion that it would seek to compel arbitration. Moreover, our ultimate holding in <u>Ritzel</u>, that the group of defendant-investors waived their right to arbitration, rested upon the additional significant facts (not present in the instant case) that the group of defendant-investors filed an alternative motion to sever a cross-claim for a separate trial, proceeded to trial in the district court, failed to raise the arbitration issue before this court in a motion either to expedite the appeal or stay proceedings in the district court, and delayed their appellate filings.  <u>Id.</u> at 970-71.  In short, <u>Ritzel</u> is of no aid to the Dumont/Smith Families.

Because the second element of the waiver test is not met, we need not and do not consider the third element.  Accordingly, we hold the district court properly determined that SGI did not waive its right to enforce the arbitration provisions of the Policies.

C.

Lastly, relying upon the Federal Arbitration Act, the Dumont/Smith Families argue that the district court erred by failing to require the venue of the arbitration to be within the federal judicial district of North Dakota.  9 U.S.C. § 4  ("The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.").  According to the Dumont/Smith Families, had the district court required the venue of the arbitration to be within the federal judicial district of North Dakota, they could have availed themselves of <u>Hughes v. State Farm Mut. Auto. Ins. Co.</u>, 604 F.2d 573 (8th Cir. 1979), as well as North Dakota's wrongful death statute, which is more generous in the provision of damages to adult children than the Fatal Accidents Act of Saskatchewan.

The Dumont/Smith Families' venue argument also does not afford them relief from the district court's dismissal of their complaint. Assuming arguendo that the district court erred in failing to require the venue of the arbitration to be within its own federal judicial district, the error was harmless. First, for the reasons we expressed in Part II.A. of this opinion, Hughes is of no aid to the Dumont/Smith Families. Second, the plain language of the arbitration provisions of the Family Security Coverage portions of the Policies required that "[t]he question of an appropriate dollar amount of compensation for the loss of a [claimant] shall be determined by the law of Saskatchewan." Id. Thus, even if the arbitration had taken place in the federal judicial district of North Dakota, the less generous Fatal Accidents Act of Saskatchewan would have applied as provided in the Policies. Third, to the extent the Dumont/Smith Families sought coverage under the Uninsured Motorist Coverage portions of the Policies, which portions did not command that compensation for the loss of the claimant be determined by the law of Saskatchewan, the plain terms of the Policies limit recovery of damages caused by the uninsured motorist to those damages suffered by: (1) the named insured while in his or her own vehicle; (2) any other person who is an occupant of the named insured's vehicle; and (3) under certain specified conditions, the named insured, his or her spouse, other relatives who live in the care of the named insured, and any other person who is an occupant of an auto the named insured is using but does not own. Because no member of the Dumont/Smith Families falls within any of these categories, the damages sought to be recovered by them, for example, for their own loss of society and companionship with their parents, are not recoverable under the plain language of the Uninsured Motorist Coverage portions of the Policies. Thus, the same outcome would have resulted had the district court required the venue of the arbitration to be within the federal judicial district of North Dakota. In sum, the Dumont/Smith Families' change of venue argument does not afford them any relief from the district court's dismissal of their complaint.

- 13 -

### III.

In summary, we reject the various challenges mounted by the Dumont/Smith Families to the district court's order compelling them to arbitrate their claims against SGI.

Accordingly, the judgment of the district court dismissing the action on the basis of <u>res judicata</u> is affirmed.[8]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[8]Having rejected all of the Dumont/Smith Families' assignments of error on appeal, we need not and do not address SGI's alternative argument in favor of affirmance that the district court lacked personal jurisdiction over it.